

JUDGE JONES **10 CIV 2887**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

VOGT POWER INTERNATIONAL, INC.,

      Plaintiff,

vs.

M/V BELUGA CONSTELLATION, her
engines, boilers, and tackle, *in rem*, and
Beluga Shipping GmbH, Beluga Chartering
GmbH, and Beyel Brothers, Inc., *in
personam*,

      Defendants.

----------------------------------------------------------------- x

**10 Civ.**

**ECF CASE**

**VERIFIED COMPLAINT**

      Plaintiff Vogt Power International, Inc. ("Plaintiff"), by its attorneys, Duane Morris LLP,

as and for its Verified Complaint against the Defendants M/V BELUGA CONSTELLATION,

her engines, boilers and tackle, *in rem*, Beluga Shipping GmbH, Beluga Chartering GmbH, and

Beyel Brothers, Inc., *in personam*, alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and  pursuant to 28 U.S.C. § 1333.

      2.     Alternatively, the Court has subject matter jurisdiction under 28 U.S.C. § 1332

because the parties are diverse, and the amount in controversy exceeds $75,000.

      3.     The Court also has supplemental subject matter jurisdiction under 28 U.S.C.

§ 1367 over any claims that are not within the admiralty jurisdiction because such claims are so

related to the admiralty claims that they form part of the same case or controversy.

      4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants

have consented to suit in this District.

DM1\2142048.1

## PARTIES

5.    Plaintiff Vogt Power International, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business in Kentucky.

6.    The M/V BELUGA CONSTELLATION (the "Vessel") is a dry cargo multipurpose heavy cargo vessel of 10,899 gross tonnage, fitted for project cargo and containers, built in 2006 and flying the flag of Germany.  The M/V BELUGA CONSTELLATION's International Maritime Organization Official Number is 9273806, and its call sign is DDLR.

7.    Defendant Beluga Shipping GmbH is, on information and belief, a corporation organized under the laws of Germany with its principal place of business at Bremen, Germany, and is subject to the jurisdiction of this Court.

8.    At all times mentioned herein, Defendant Beluga Shipping GmbH owned, operated, managed and/or otherwise controlled the M/V BELUGA CONSTELLATION.

9.    None of the officers of Defendant Beluga Shipping GmbH are within this District and Defendant Beluga Shipping GmbH does not maintain an office within this District but there are now or will be during the pendency of this action certain goods, chattels, credits and effects belonging to or claimed by the Defendant Beluga Shipping GmbH within this District, such as the M/V BELUGA CONSTELLATION, owned, operated, managed, and/or otherwise controlled by Defendant Beluga Shipping GmbH and in charge of a master on board.

10.    On information and belief, Defendant Beluga Chartering GmbH is a corporation organized under the laws of Germany with its principal place of business at Bremen, Germany, and is subject to the jurisdiction of this Court.

11.    At all times mentioned herein, Defendant Beluga Chartering GmbH owned, operated, managed and/or otherwise controlled the M/V BELUGA CONSTELLATION.

DM1\2142048.1

12.    None of the officers of Defendant Beluga Chartering GmbH are within this District and Defendant Beluga Chartering GmbH does not maintain an office within this District but there are now or will be during the pendency of this action certain goods, chattels, credits and effects belonging to or claimed by the Defendant Beluga Chartering GmbH within this District, such as the M/V BELUGA CONSTELLATION, owned, operated, managed, and/or otherwise controlled by Defendant Beluga Chartering GmbH and in charge of a master on board.

13.    Defendants M/V BELUGA CONSTELLATION, Beluga Shipping GmbH, and Beluga Chartering GmbH have consented to the jurisdiction of this Court.

14.    Defendant Beyel Brothers, Inc. is a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida.

### SHIPMENT OF THE GENERATOR COMPONENTS

15.    On or about January 15, January 22, and January 30, 2009, Defendants and the Vessel received and accepted various components of a steam recovery power generation system for carriage from various ports in China and South Korea for delivery to Plaintiff Vogt Power International, Inc. in the United States (the "shipments").

16.    Defendants and the Vessel received the shipments in good order and condition, and Defendants and the said Vessel accepted the shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the shipments to the port of New Haven and deliver same in like good order.

17.    Defendants issued Bills of Lading numbered BUGACON0111901, BUGACON0116901, BUGACON0124901, dated January 15, 2009, January 22, 2009, and January 30, 2009, respectively, for the shipments.

18.    Plaintiff was the consignee or owner of the shipments and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or

become interested in the said shipments, as their respective interests may ultimately appear. Plaintiff is entitled to maintain this action.

19.    Plaintiff has performed all conditions on its part to be performed.

## MULTIPLE FIRES BREAK ON THE VESSEL

20.    During the course of loading, Defendants or those they are responsible for, caused a fire on board at the port of Shanghai on about January 20, 2009.

21.    The Shanghai fire presented an imminent peril to the Vessel and her cargo.

22.    The Vessel's crew and shoreside Shanghai personnel extinguished the Shanghai fire to eliminate the peril and proceed with the voyage.

23.    Plaintiff's shipment was damaged and sacrificed in the efforts to extinguish the fire.

24.    The Vessel's tween deck pontoon support system failed during the voyage.

25.    On February 7, 2009, the Vessel made an emergency call at the port of Batangas, Philippines to remedy the  failure of the tween deck pontoon support system.

26.    In the course of attempting to repair the tween deck, Defendants and the Vessel caused a second fire to start by welding without protecting the cargo below from molten slag.

27.    The Batangas fire presented an imminent peril to the Vessel and her cargo.

28.    The Vessel's crew extinguished the Batangas fire to eliminate the peril and proceed with the voyage.

29.    Plaintiff's shipment was damaged and sacrificed in the efforts to extinguish the Batangas fire.

30.    On April 1, 2009, the Vessel arrived at the port of New Haven and began discharging the shipments.

DMT\2142048.1

31.    During discharge operations, Defendants, the Vessel and their servants caused a third fire.

32.    The New Haven fire presented an imminent peril to the Vessel and her cargo.

33.    The Vessel's crew extinguished the New Haven fire to eliminate the peril and to permit the ship to continue trading.

34.    Plaintiff's shipment was damaged and sacrificed in the efforts to extinguish the New Haven fire.

35.    During the course of unloading at New Haven, Plaintiff engaged Defendants Beyel Brothers, Inc. ("Beyel") to receive the cargo from the Vessel onto barges.

36.    Defendants and Beyel caused damage to the Shipments in receiving and handling the cargo from the Vessel onto the barges for delivery.

37.    Defendants are responsible for the damages to Plaintiff's cargo pursuant to statutory and common law, and through the doctrine of General Average.

38.    By reason of the premises, plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $18,500,000.

DM1\2142048.1

**FIRST CAUSE OF ACTION**
**GENERAL AVERAGE**
**as to**
**M/V BELUGA CONSTELLATION,**
**Beluga Shipping GmbH & Beluga Chartering GmbH**

39. The fires that occurred in Shanghai, in Batangas, and in New Haven all presented imminent perils to the Vessel, its cargoes and the maritime venture.

40. Defendants Beluga Shipping GmbH and Beluga Chartering GmbH were obligated to and failed to declare General Averages

41. Plaintiff's shipments sustained damage, including water damage, as a direct consequence of the efforts to extinguish the fires and to eliminate the perils constituting sacrificial amounts to be made good to Plaintiff by contribution from Defendants in General Average.

**SECOND CAUSE OF ACTION**
**CARGO DAMAGE**
**as to**
**M/V BELUGA CONSTELLATION,**
**Beluga Shipping GmbH & Beluga Chartering GmbH**

42. The Vessel and Defendants Beluga Shipping GmbH and Beluga Chartering GmbH failed to make delivery of the cargo in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously damaged and impaired in value.

43. The Vessel and Defendants Beluga Shipping GmbH and Beluga Chartering GmbH accordingly breached the contract of carriage and committed other wrongful acts, all in violation of their obligations and duties as common carriers of merchandise by water for hire causing injury and loss to Plaintiff.

DM1\2142048.1

## THIRD CAUSE OF ACTION
## CARGO DAMAGE
### as to
### Beyel Brothers, Inc.

44.    Defendant Beyel failed to make delivery of the cargo in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously damaged and impaired in value.

45.    Defendant Beyel accordingly breached its contract to properly handle the cargo and committed other wrongful acts injurious to the shipments, all in violation of their obligations and duties.

WHEREFORE, Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then any of their property within this District be attached in the sum of $18,500,000, with interest thereon and costs, the sum sued for in this Complaint;

3.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims may issue against the said Vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of plaintiffs for their damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefore;

4.    That judgment be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

5.    That General Averages be declared entitling Plaintiff, but not Defendants, to receive Amounts Made Good ; and

6.    That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated:  April 1, 2010

James W. Carbin, Esq.
David D. Jensen, Esq.
DUANE MORRIS LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889
Telephone: 973.424.2000
Attorneys for Plaintiff
Vogt Power International, Inc.

DM1\2142048.1

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK       )
                        )
COUNTY OF NEW YORK  )

JAMES W. CARBIN, being duly sworn, deposes and says:

I am a member of the bar of this Court.

I am an attorney with Duane Morris, LLP, attorneys for plaintiff Vogt Power International, Inc. in this action.

I have read the foregoing complaint, know the contents thereof, and the same are true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are the statements made and the documents and information received from the Plaintiff and agents and/or representatives of the Plaintiff.

The reason this verification is made by deponent and not by plaintiff is that Plaintiff is a corporation, no officer of which is now within this district.

I have been authorized to make this Verification on behalf of the Plaintiff.

Dated:  April 1, 2010

James W. Carbin

7

JS 44C/SDNY
REV. 1/2008

JUDGE JONES

CIVIL COVER SHEET  10 CIV 2887

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

APR 02 2010

| PLAINTIFFS | DEFENDANTS |
|---|---|
| VOGT POWER INTERNATIONAL, INC. | M/V BELUGA CONSTELLATION; BELUGA SHIPPING GMBH; BELUGA CHARTERING GMBH; BEYEL BROTHERS, INC. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| DUANE MORRIS LLP, 744 BROAD ST., NEWARK, NJ 07102 (973) 424-2000 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Breach of contract of carriage resulting in cargo damage

Has this or a similar case been previously filed in SDNY at any time? No? [✓]  Yes? [ ]   Judge Previously Assigned _____

If yes, was this case  Vol.[ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)                    NATURE OF SUIT

ACTIONS UNDER STATUTES

|  | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 AGRICULTURE | [ ] 422 APPEAL | [ ] 400 STATE |
| CONTRACT | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 620 OTHER FOOD & DRUG | 28 USC 158 | REAPPORTIONMENT |
| [ ] 110 INSURANCE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST [ ] 430 BANKS & BANKING |
| [X] 120 MARINE | [ ] 320 ASSAULT, LIBEL & SLANDER | | PROPERTY | | [ ] 450 COMMERCE |
| [ ] 130 MILLER ACT | | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT | 21 USC 881 | PROPERTY RIGHTS | [ ] 460 DEPORTATION |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' | LIABILITY | [ ] 630 LIQUOR LAWS [ ] 640 RR & TRUCK | [ ] 820 COPYRIGHTS | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | LIABILITY [ ] 340 MARINE [ ] 345 MARINE PRODUCT | PERSONAL PROPERTY | [ ] 650 AIRLINE REGS [ ] 660 OCCUPATIONAL SAFETY/HEALTH | [ ] 830 PATENT [ ] 840 TRADEMARK | ORGANIZATION ACT (RICO) [ ] 480 CONSUMER CREDIT |
| [ ] 151 MEDICARE ACT | LIABILITY | [ ] 370 OTHER FRAUD | [ ] 690 OTHER | | [ ] 490 CABLE/SATELLITE TV |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 371 TRUTH IN LENDING [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | LABOR | SOCIAL SECURITY [ ] 861 HIA (1395ff) | [ ] 810 SELECTIVE SERVICE [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID TITLE XVI | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 160 STOCKHOLDERS SUITS [ ] 190 OTHER CONTRACT [ ] 195 CONTRACT PRODUCT LIABILITY | | | [ ] 720 LABOR/MGMT RELATIONS [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 865 RSI (405(g)) | [ ] 890 OTHER STATUTORY ACTIONS [ ] 891 AGRICULTURAL ACTS [ ] 892 ECONOMIC |
| [ ] 196 FRANCHISE | | | [ ] 740 RAILWAY LABOR ACT [ ] 790 OTHER LABOR | FEDERAL TAX SUITS [ ] 870 TAXES (U.S. Plaintiff or | STABILIZATION ACT [ ] 893 ENVIRONMENTAL |
| | ACTIONS UNDER STATUTES | | LITIGATION [ ] 791 EMPL RET INC | Defendant) [ ] 871 IRS-THIRD PARTY | MATTERS [ ] 894 ENERGY |
| | CIVIL RIGHTS | PRISONER PETITIONS | SECURITY ACT | 26 USC 7609 | ALLOCATION ACT |
| REAL PROPERTY | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE | | | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210 LAND CONDEMNATION | [ ] 442 EMPLOYMENT [ ] 443 HOUSING/ | 20 USC 2255 | IMMIGRATION | | [ ] 900 APPEAL OF FEE DETERMINATION |
| [ ] 220 FORECLOSURE [ ] 230 RENT LEASE & EJECTMENT | ACCOMMODATIONS [ ] 444 WELFARE | [ ] 530 HABEAS CORPUS [ ] 535 DEATH PENALTY | [ ] 462 NATURALIZATION APPLICATION | | UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 240 TORTS TO LAND [ ] 245 TORT PRODUCT LIABILITY | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 540 MANDAMUS & OTHER [ ] 550 CIVIL RIGHTS [ ] 555 PRISON CONDITION | [ ] 463 HABEAS CORPUS- ALIEN DETAINEE [ ] 465 OTHER IMMIGRATION | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER [ ] 440 OTHER CIVIL RIGHTS | | ACTIONS | | |

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $18,500,000  OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____  DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [ ] YES  [✓] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

*(PLACE AN x IN ONE BOX ONLY)*                           **ORIGIN**

☑ 1 Original Proceeding  ☐ 2a. Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from (Specify District)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

☐ 2b. Removed from State Court AND at least one party is pro se.

*(PLACE AN x IN ONE BOX ONLY)*       **BASIS OF JURISDICTION**       IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)

☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☑ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☐ 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Vogt Power International, Inc
4000 Dupont Circle
Louisville, KY 40207

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

M/V Beluga Constellation & Buluga shipping
GMBH
P.O Box 107269
28072 Bremen
Germany

Beyel Brother INC
4505 Pinecone Place
Cocoa, FL 32926

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☑ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 04/01/2010   SIGNATURE OF ATTORNEY OF RECORD           ADMITTED TO PRACTICE IN THIS DISTRICT
                                                           [ ] NO
RECEIPT #                                                  [X] YES (DATE ADMITTED Mo. 10 Yr. 2004)
                                                           Attorney Bar Code # DJ-2261

MAG. DOLINGER

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)